IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEONARD COLE,

                Plaintiff,              Case No. 3:10 CV 1044

  -vs-

                                              MEMORANDUM OPINION

ROEDER CARTAGE CO.,

                Defendant.

KATZ, J.

Now before the Court is Defendant's motion to transfer venue (Doc. 11) to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes the motion (Doc. 14). The motion will be granted.

"Pursuant to Section 1404(a), the threshold consideration [in determining whether to transfer venue] is whether the action 'might have been brought' in the transferee court." *Jamhour v. Scottsdale Ins. Co.*, 211 F.Supp.2d 941, 945 (S.D. Ohio 2002). The Court agrees that this action could have been brought in the Eastern District of Kentucky, as an original matter. That court possesses subject matter jurisdiction due to diversity of citizenship; Plaintiff is a resident of Paris, Kentucky (Doc. 1 at ¶2), while Defendant is an Ohio corporation. Venue would be proper in the Eastern District of Kentucky because "a substantial part of the events or omissions giving rise to the claim arose" there, as Plaintiff worked as a driver for Defendant in its Paris, Kentucky terminal, and his claims in this suit stem from his termination of employment there. Moreover, Defendant has admitted it is amenable to service of process in the Eastern District of Kentucky, due to its operation of a terminal there.

Once it is determined that a case could have been brought in the transferee court, the issue becomes whether transfer is appropriate under the balancing test established by the language of

Section 1404(a), which permits transfer of venue for "the convenience of parties and witnesses" and "in the interest of justice." In making this determination, "[c]ourts are to consider both the private interests of the litigants and the public's interest in the administration of justice." *Jamhour*, 211 F.Supp.2d at 945. Private interests of the litigants include:

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947). Public interests include:

> Docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law.

*Id*. In addition, courts consider such factors as "the nature of the suit; the place of the events involved; ... and the residences of the parties" in weighing whether a transfer of venue is appropriate. *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F.Supp. 1316, 1318 (S.D.Ohio 1991). "The moving party has the burden of establishing the need for a transfer of venue." *Jamhour*, 211 F.Supp.2d at 945. Moreover, "[t]he plaintiff's choice of forum is to be given considerable weight and the balance of convenience, considering all of the relevant factors, should be strongly in favor of a transfer before such will be granted." *First Bank of Marietta v. Bright Banc Savings Assoc.*, 711 F.Supp. 893, 896 (S.D.Ohio 1988).

The Court finds that the relevant considerations point strongly in favor of transferring venue to the Eastern District of Kentucky. Defendant points out that three of the witnesses identified by Plaintiff in his initial disclosures, as well as Plaintiff himself, are residents of Kentucky, and that other witnesses not presently identified are likely to have worked out of Defendant's Kentucky terminal. Therefore, the convenience of the witnesses would be best served by a Kentucky forum.

While Plaintiff contends that the decision to terminate him was made by parties operating out of the Defendant's headquarters in Lima, Ohio, the underlying factual issues in this case will revolve around Plaintiff's conduct at the Kentucky plant. Indeed, Plaintiff admits in his Complaint that "the acts that give rise to this action occurred in the State of Kentucky." (Doc. 1 at ¶4). Thus, the Court finds that the private interests of the litigants tilts strongly towards a Kentucky forum.

Public interests in the administration of justice also weigh in favor of Kentucky as a forum. Although the Complaint invokes both Kentucky and Ohio law, it appears that Kentucky law will apply to Plaintiff's employment-related claims. See Ohio Rev. Code § 4123.01(A)(1)(d) (for non-residents, the definition of "employee" only applies to persons who "perform[] labor or provide services for that person's employer while temporarily within this state."). A Kentucky court will thus have greater familiarity with the issues of Kentucky law presented by this case. Kentucky has a greater interest in this litigation, moreover, because the underlying events in this case occurred in Kentucky, not Ohio, and involve a Kentucky resident's employment at a Kentucky terminal.

While the Court recognizes that the plaintiff's choice of forum is to be given considerable weight in considering a motion under § 1404(a) to transfer venue, Ohio's connection to this litigation is too attenuated to support maintaining venue in the Northern District of Ohio.

For the foregoing reasons, Defendant's motion to transfer venue to the Eastern District of Kentucky (Doc. 11) is granted.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE